IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JULIE MADSEN,<br><br>          Plaintiff,<br><br>  v.<br><br>IDAHO EMERGENCY PHYSICIANS,<br>P.A., and DAVID KIM, MD.<br><br>        Defendants. | No. CV-08-243-S-EJL-LMB<br><br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Before the Court is Plaintiff Julie Madsen's Motion for Leave to Conduct the Deposition of Lee Ann Young (Docket No. 50). Also before the Court is Defendants' Idaho Emergency Physicians, P.A. ("IEP") and David Kim's Motion to Strike (Docket No. 46). The Court denies Plaintiff's Motion for Leave to Conduct the Deposition of Lee Ann Young. The Court grants Defendants' Motion to Strike regarding the objected-to portions of Julie Klein Fischer's First Affidavit and Batul Aarti's Affidavit but denies all other objections.

# BACKGROUND

Plaintiff Julie Madsen is a medical doctor, board-certified in emergency medicine, and licensed to practice in Idaho. Plaintiff began work for Defendant IEP in February 2002 as an emergency department physician. At the same time, Plaintiff continued her employment as the medical director for Canyon County Paramedics and Northwest Paramedics. IEP is a group of emergency medicine physicians that contract with Saint Alphonsus Regional Medical Center to provide emergency department services. Defendant David Kim is also a physician for and shareholder of IEP. In March 2003, Plaintiff became a shareholder in IEP.

In January 2004, Plaintiff became pregnant with twins. Plaintiff stopped working in July 2004 because of pregnancy complications. Plaintiff was on maternity leave from September 2004, when her children were born, through December 31, 2004. Plaintiff returned to work for IEP on January 1, 2005, after which time she suffered from then-undiagnosed post-partum depression. To deal with her post-partum depression, Plaintiff's took a six-month leave of absence from January 1, 2006 through July 1, 2006. On July 14, 2006, Plaintiff resigned as an IEP shareholder but not as an IEP employee. Plaintiff never returned to work for IEP.

Plaintiff filed a complaint in this court and argues that IEP engaged in unlawful employment practices by discriminating against Plaintiff because of her gender and

disability, and by retaliating against Plaintiff when Plaintiff voiced her concerns and sought help for her disability. Specifically, Plaintiff argues that IEP did not permit her to return to work after her leave of absence, that IEP did not give her "shift relief" for hours worked outside IEP that IEP had given to other male physicians, that IEP required her to pay for benefits during her 2004 medical leave of absence, and that IEP disseminated information about her leave of absence outside IEP.

## MOTION FOR LEAVE TO CONDUCT DEPOSITION

I.    <u>Procedural Background</u>

In Plaintiff's Motion for Leave to Conduct the Deposition of Lee Ann Young, Plaintiff requests that this Court reopen discovery because Defendants did not produce the minutes from a January 2006 shareholders' meeting nor photographs taken of Plaintiff's locker at IEP until August 10, 2009, three days after the close of discovery. *See Order* (Docket No. 24) (ordering all discovery, with the exception of expert witness depositions, completed by August 7, 2009). Plaintiff asserts that Ms. Young is an important witness to Plaintiff's case because Ms. Young took the minutes during the January 26 shareholders' meeting and Ms. Young appears in the photographs taken of Plaintiff's locker. *Fischer Aff.*, ¶¶ 10–11, 14, 15 (Docket No. 51, SEALED).

Plaintiff also asserts that the January 2006 minutes and the locker photographs are important pieces of evidence because Plaintiff was removed from the IEP Board of Directors at the January 26 shareholders' meeting, which she argues was an act of retaliation, *Fischer Aff.* ¶¶ 4–5 (Docket No. 51, SEALED); and because Plaintiff alleges that her locker at IEP was broken into and her items were stolen, *Id.* ¶ 12. Plaintiff claims that she did "not fully underst[and]" that Ms. Young was an important witness to her case until the January 2006 minutes and the locker photographs were produced. *Id.* ¶ 15.

The Court ordered discovery, with the exception of expert witness depositions, to be completed by August 7, 2009. *Order* (Docket No. 24). Defendants mailed the January 2006 minutes and the locker photographs to Plaintiff's counsel on Friday, August 7, 2009, the last day of discovery. *Fischer Aff.*, ¶ 8 (Docket No. 51, SEALED). On Monday, August 10, 2009, Plaintiff's counsel took a Federal Rule of Civil Procedure 30(b)(6) deposition of IEP. *Id.* ¶ 3. At that deposition, IEP's counsel provided Plaintiff's counsel with the January 2006 minutes and the locker photographs because those documents had not yet arrived at the office of Plaintiff's counsel. *Id.* ¶¶ 8, 10–11. On December 1, 2009, nearly four months after the minutes and photographs were produced, Plaintiff moved for leave to conduct the deposition of Lee Ann Young. *Mot. Leave Conduct Dep. Lee Ann Young* (Docket No. 50).

II.   Discussion

To decide whether to reopen discovery, a Court considers the following factors: whether trial is imminent; whether the request is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent in obtaining discovery within the guidelines established by the court; the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and the likelihood that the discovery will lead to relevant evidence. *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), *vacated on other grounds*, 520 U.S. 939 (1997). The decision to reopen discovery is within the discretion of this Court, and this Court does not abuse its discretion unless "the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (internal quotation marks and citation omitted).

Considering the above factors, the Court denies Plaintiff's Motion for Leave to Conduct the Deposition of Lee Ann Young. First, Plaintiff could have foreseen the need to depose Ms. Young prior to Defendants' late production of the January 2006 minutes and the locker photographs. Plaintiff does not dispute that before the close of discovery she was aware that the minutes from the January 2006 meeting existed;

that Ms. Young took the minutes at IEP meetings; and that Ms. Young was involved in the discovery of Plaintiff's locker items. *See Pl. Reply*, at 2–3 (Docket No. 54). Accordingly, Plaintiff knew or should have known that "LeeAnn Young is an important witness to Plaintiff's case" before the close of discovery. *See Fischer Aff.*, ¶ 15 (Docket No. 51, SEALED).

Second, Plaintiff makes no showing of how additional discovery is likely to lead to relevant evidence or would preclude summary judgment. Plaintiff simply asserts that she "has the right to inquire as to the contents of those critical minutes" and "as to the contents of the photos." *Pl. Reply*, at 3 (Docket No. 54). Plaintiff also states that "the format of the minutes varies slightly from other special shareholder meeting minutes previously produced." *Id.* at 2. Neither of these statements indicates that allowing a deposition of Ms. Young would likely lead to relevant evidence or preclude summary judgment.

Finally, Plaintiff was not diligent in her request to this Court to reopen discovery for the purpose of allowing Plaintiff to depose Ms. Young. Plaintiff claims that she did not realize that Ms. Young was an important witness to her case until August 10, 2009. Yet, Plaintiff waited almost four months to ask this Court to reopen discovery so that she could depose Ms. Young. *See Mot. Leave Conduct Dep. Lee Ann Young* (Docket No. 50) (filed on December 1, 2009). This significant lapse of

time demonstrates that Plaintiff did not act diligently in pursuing her desire to depose Ms. Young.

## MOTION TO STRIKE

Defendants IEP and Kim filed a Motion to Strike and argue that this court should strike certain evidence attached to Plaintiff's Summary Judgment Response. *Mot. to Strike* (Docket No. 46). The Court grants Defendants' Motion to Strike regarding the objected-to portions of Fischer's First Affidavit and Aarti's Affidavit, and denies Defendants' Motion to Strike with respect to all other evidentiary objections.

I.      Evidentiary Standards

"All relevant evidence is admissible, except as otherwise provided by the Constitution . . ., by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. A court may therefore strike evidence that is either irrelevant or inadmissible. *See id.* Two inadmissability grounds are particularly relevant here: an affiant's lack of personal knowledge and inadmissible hearsay.

Affidavits supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P.

56(e)(1). Federal Rule of Evidence 602 also prohibits a witness's testimony that is not based on personal knowledge. Fed. R. Evid. 602. Personal knowledge means that a witness or affiant may only testify to a fact that can be perceived by the senses and that the witness or affiant has actually perceived. *Id.* advisory cmte. notes, 1972 proposed rules (*citing* McCormick § 10, p. 19).

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A statement that qualifies as hearsay is "not admissible except as provided by these rules or by other rules prescribed by the Supreme Court." Fed. R. Evid. 802.

## II.     Discussion

### A.      Julie Klein Fischer's Affidavit (Docket No. 41, SEALED)

Defendants request that this Court strike portions of Julie Klein Fischer's first affidavit. *See Mot. to Strike*, at 3–5 (Docket No. 46-1). Specifically, Defendants object to the inclusion of Tom Ganley's letter, written to IEP on behalf of his wife, Dr. Lee Binnion, and to portions of Ganley's deposition testimony. *See id.*; *see also Fischer Aff.*, Exh. I, at 7–11 (Docket No. 41-9, SEALED); *Defs. Reply*, at 3 (Docket No. 49) (listing the specific portions to which Defendants object). Plaintiff offers Ganley's letter and deposition testimony as proof of gender discrimination.

Defendants argue that Ganley's letter is not based on personal knowledge and that portions of it are inadmissible hearsay. For the same reasons, Defendants also object to parts of Ganley's deposition testimony, the specific portions of which are listed in Defendants' Reply. *Defs. Reply*, at 2 (Docket No. 49).

The Court grants Defendants' Motion to Strike regarding the portions of Tom Ganley's letter referenced in Defendants' Reply.[1] The portions that may be relevant to this case are not based on Tom Ganley's actual perception of the events described or alluded to, and are therefore inadmissible for lack of personal knowledge. *See* Fed. R. Evid. 602.[2] Plaintiff's contention that Ganley's personal knowledge of the "situation" constitutes personal knowledge is incorrect because Ganley did not actually perceive the events in question. Because the Court has decided that objected-to portions of Ganley's letter lack personal knowledge, the Court need not decide whether Plaintiff's admissibility arguments related to hearsay are correct. *See Pl. Resp.*, at 3–4 (Docket No. 48).

---

[1] The specific portions to which Defendants object are: ¶ 2, first sentence; ¶ 3; ¶ 4, first three sentences; ¶ 5; ¶ 6, first sentence; ¶ 7, last sentence; ¶¶ 8–13; ¶ 14, last sentence; ¶¶ 15–17; ¶ 18, last sentence; ¶ 19, last four sentences; ¶¶ 20–22. *Defs. Reply*, at 3 (Docket No. 49).

[2] The letter and deposition transcript are sealed documents. For this reason the Court will not described in detail the contents of Ganley's letter or deposition. The Court has, however, read and considered each of the specific portions to which Defendants object.

For the same reasons, the Court also grants Defendants' Motion to Strike regarding the portions of Ganley's deposition testimony referenced in Defendants' Reply.[3]

B.    Batul Aarti's Affidavit (Docket No. 38)

Defendants request that this Court strike paragraphs three and four of Batul Aarti's Affidavit. *See Mot. to Strike*, at 5–6 (Docket No. 46-1); *see also Aarti Aff.*, ¶¶ 3–4 (Docket No. 38-2).  Defendants argue that these paragraphs in Aarti's Affidavit lack personal knowledge and constitute inadmissible hearsay.  Paragraph three of Aarti's Affidavit reads:

> I recall an instance in late July[] 2006 when a new physician was in need of a locker in the emergency department.  We received a request from one of the doctors (I do not recall who), instructing us to call maintenance and have a lock cut off of an existing locker.  We were advised the locker was empty and that it could be used by the new physician if the lock was removed.

*Aarti Aff.* ¶ 3 (Docket No. 38-2).  Paragraph four of Aarti's Affidavit reads:

> Joe, and employee in maintenance, was contacted and proceeded to cut the lock off of the locker.  It turned out the locker was not vacant, and I believe the items found in the locker were then removed and placed in a box.  I do not know what became of the things found in the locker; I only know the locker was not empty, as was expected.

*Id.* ¶ 4.

_____

[3] The specific portions of Ganley's deposition testimony to which Defendants object are: p. 24:12–25; pp. 29:1–30:15; pp. 31:6–32:7; p. 36.  *Defs. Reply*, at 2 (Docket No. 49).

The Court grants Defendants' Motion to Strike paragraphs three and four of Aarti's Affidavit for lack of personal knowledge. *See* Fed. R. Evid. 602. Aarti's Affidavit does not state whether Aarti observed the locker as the lock was cut off, or observed the contents' removal. Instead, Aarti simply uses the pronoun "we," which does not indicate Aarti's personal knowledge. Aarti seems to describe events relayed to her by other members of the maintenance department. The Court is not confident that paragraphs three and four of Aarti's Affidavit are based on Aarti's actual perception of the events described. Paragraphs three and four of Aarti's Affidavit are therefore inadmissible.

C.    <u>Nikki Rota's Affidavit</u> (Docket No. 38)

Defendants request that this Court strike paragraphs four and five of Nikki Rota's Affidavit. *See Mot. to Strike*, at 6–7 (Docket No. 46-1); *see also Rota Aff.*, ¶¶ 4–5 (Docket No. 38-1). Defendants argue that these paragraphs in Rota's Affidavit lack personal knowledge and constitute inadmissible hearsay. Paragraph four of Rota's Affidavit reads:

> Some time in early 2006 I began to hear rumors at work and in the medical community that Dr. Madsen was crazy and that she was on a medical leave of absence for mental disorders and that she had her hospital privileges revoked. I remember being surprised by the rumors and approached Dr. Madsen to ask her if she was alright. I then repeated to her some of the things I had been hearing in the work place and throughout the medical community. Dr. Madsen appeared very shocked and upset by the news.

*Rota Aff.* ¶ 4 (Docket No. 38-1). Paragraph five of Rota's Affidavit reads:

> While I do not remember all the things I heard about Dr. Madsen and her absence from work in 2006, it soon became common knowledge that she was on a leave of absence for some kind of mental illness.

*Id.* ¶ 5.

The Court denies Defendants' Motion to Strike regarding paragraphs four and five of Rota's Affidavit. Rota asserts, and the Court has no reason to doubt, that Rota actually heard rumors about Dr. Madsen and observed Dr. Madsen's reaction to these rumors. Paragraphs four and five of Rota's Affidavit are therefore based on her personal knowledge of the events described. *See* Fed. R. Evid. 602. Paragraphs four and five do not constitute inadmissible hearsay because Plaintiff is only offering them to prove that Rota heard rumors about the Plaintiff and not to prove that the content of the rumors was true. *See* Fed. R. Evid. 801. Dr. Madsen's reaction to hearing these rumors is not a hearsay issue because Rota does not describe statements that Dr. Madsen may have made but only describes her physical reaction. *See id.* The Court finds that paragraphs four and five of Rota's Affidavit are therefore admissible.

D.     <u>Julie Klein Fischer's Second Affidavit</u> (Docket No. 44, SEALED)

Lastly, Defendants request that this Court strike Julie Klein Fischer's Second Affidavit in its entirety. *See Mot. to Strike*, at 7, (Docket No. 46-1); *see also Second Fischer Aff.* (Docket No. 44, SEALED). Defendants argue that Plaintiff untimely

filed the Second Fischer Affidavit on September 21, 2009 and that Plaintiff could have filed the affidavit with her initial summary judgment response. *See Mot. to Strike*, at 7, (Docket No. 46-1). The Court previously granted Plaintiff's motion extending the deadline for Plaintiff to file a summary judgment response. *See Order Granting Second Extension Summ. J. Resp. Deadline*, at 1 (Docket No. 36). Plaintiff's second deadline to file the summary judgment response and "all supporting documents" was September 16, 2009. *Id.* Defendants do not challenge the timeliness of Plaintiff's Summary Judgment Response, which was also filed on September 21, 2009.

The Court denies Defendants' Motion to Strike with regard to the Second Fischer Affidavit. Defendants point to Federal Rule of Civil Procedure 6(c)(2), which requires that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). Plaintiff did file the Second Fischer Affidavit with her Summary Judgment Response and therefore complied with Federal Rule of Civil Procedure 6(c)(2).[4] The Court will admit the Second Fischer Affidavit because the attached deposition transcripts are relevant to Plaintiff's case. *See* Fed. R. Evid. 402. Defendants are not unfairly prejudiced by the admission of twelve additional pages of deposition transcript nor by the five-day violation of this Court's filing deadline.

---

[4] Plaintiff's reliance of Federal Rule of Civil Procedure 60 is misplaced because this rules refers to errors that the court makes, i.e., "in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

*See* Fed. R. Evid. 403.

As an exercise of this Court's inherent power to manage cases and "ensure obedience to [its] orders," the Court could strike the Second Fischer Affidavit for untimeliness. *See Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (citation and internal quotation marks omitted). The Court declines to do so because Defendants are not prejudiced by the admission of the Second Fischer Affidavit nor does admitting the evidence cause an undue delay to this Court's resolution of Defendants' Motion for Summary Judgment. *See id.*

The Court therefore denies Defendants' Motion to Strike with respect to the Second Fischer Affidavit.

## ORDER

IT IS THEREFORE ORDERED that Plaintiff Julie Madsen's Motion for Leave to Conduct the Deposition of Leeann Young (Docket No. 50) is DENIED.

Defendants' Motion to Strike (Docket No. 46) is GRANTED regarding the objected-to portions of Julie Klein Fischer's First Affidavit and Batul Aarti's Affidavit, and DENIED with respect to all other evidentiary objections.

SO ORDERED.



DATED:  **March 23, 2010**

Honorable Edward J. Lodge
U. S. District Judge