IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JULIE MADSEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IDAHO EMERGENCY PHYSICIANS, P.A., and DAVID KIM, MD.<br><br>　　　　Defendants. | No. CV-08-243-S-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Julie Madsen's Motion to Reconsider (Docket No. 60) this Court's order granting summary judgment in favor of Defendants' Idaho Emergency Physicians, P.A. ("IEP") and David Kim. The Court grants Madsen's motion to the extent described below. The Court will issue a separate order addressing the parties' summary judgment motions as to the remaining claims.

## BACKGROUND

Plaintiff Julie Madsen is a medical doctor, board-certified in emergency medicine, and licensed to practice in Idaho. Madsen began work for Defendant

IEP in February 2002 as an emergency department physician.  IEP is a group of emergency medicine physicians that contracts with Saint Alphonsus Regional Medical Center to provide emergency department services.  Defendant David Kim is also a physician for and shareholder of IEP.

In January 2004, Madsen became pregnant with twins.  Madsen stopped working in July 2004 because of pregnancy complications but returned to work for IEP on January 1, 2005.  After returning to work for IEP, Madsen did not meet her full-time hourly requirements because Madsen was suffering from then-undiagnosed post-partum depression.  Madsen requested a leave of absence in December 2005, which began on January 1, 2006 and ended on July 1, 2006.  On July 14, 2006,  Madsen resigned as an IEP shareholder but not as an IEP employee.  Madsen never returned to work for IEP.

Madsen argues that IEP engaged in unlawful employment practices by discriminating against her because of her gender and disability, and by retaliating against her when she voiced her concerns and sought help for her disability.  Specifically,  Madsen argues that IEP did not permit her to return to work after her leave of absence, that IEP did not give her "shift relief" for hours worked outside IEP that IEP had given to other male physicians, that IEP required her to pay for benefits during her 2004 medical leave of absence, and that IEP disseminated

2

information about her leave of absence outside IEP.

Madsen filed a charge with both the Equal Employment Opportunity Commission ("EEOC") and the Idaho Human Rights Commission ("IHRC") on January 22, 2007. *Am. Compl.*, ¶ 5 (Docket No. 2); *see* Exh. A (Docket No. 70). This Court granted summary judgment to Defendants, finding Madsen's federal claims time barred under 42 U.S.C. § 2000e-5(e) for Madsen's failure to file within 180 days of the alleged events. *See* Summ. J. Order (Docket No. 56).

Madsen moved for reconsideration, contending that the Court should have applied a 300-day statute of limitation to her claims and that her claims are therefore timely. *See* Mot. for Reconsideration, at 2-5 (Docket Nos. 60, 60-1). Madsen also argues that the continuing harm doctrine applies generally to all of her claims. *See id.* at 5-6. Regarding the 300-day statute of limitation, the EEOC has filed an amicus brief in support of Madsen's motion. *See* Memo. as Amicus in Support (Docket No. 68-3).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 59(e), a party may move to alter or amend the Court's judgment within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). A court should not grant a motion to reconsider, "absent highly unusual circumstances," which is defined as newly discovered evidence, clear

3

error, or an intervening change in controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). A court commits clear error if the judgment is based on a manifest error of law or fact. *See McDowell v. Calederon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

    A.    <u>The Appropriate Statute of Limitation is 300 Days</u>

In order to maintain an action under Title VII, 42 U.S.C. § 2000e, et seq., an aggrieved person must first file a charge of discrimination with the EEOC. *See EEOC v. Dinuba Medical Clinic*, 222 F.3d 580, 585 (9th Cir. 2000) (citation omitted). Pursuant to 42 U.S.C. § 2000e-5(e), an aggrieved person must file a charge with the EEOC within 180 days "after the alleged unlawful employment practice occurred," or within 300 days after the alleged unlawful employment practice if the person "initially instituted proceedings with a State or local agency." 42 U.S.C. § 2000e-5(e)(1).

If a charge is initially filed with a state agency, a charge is not considered filed with the EEOC until sixty days after proceedings have commenced under state law. *Id.* § 2000e-5(c). The "effect of the 60-day deferral provision on the 300-day limitations period is that a charge initially filed with a state agency will be treated as constructively filed with the EEOC" after 60 days or the termination of

state-agency proceedings. *Dinuba*, 222 F.3d at 585. Constructive filing is made possible by workshare agreements between the EEOC and the relevant state agency. *Id.*

In this case, Madsen filed a charge with the IHRC on January 22, 2007. *See* Exh. A (Docket No. 70). The EEOC and IHRC have a workshare agreement that allows the IHRC to constructively receive EEOC charges as the EEOC's agent. *See* Workshare Agreement, Exh. A, (Docket No. 68-4). Together, 42 U.S.C. § 2000e-5(c) and (e) and the workshare agreement allow a party to file a charge with a state agency within 240 days of the alleged unlawful employment practice to guarantee a timely EEOC filing and trigger the longer 300-day statute of limitation. *See Dinuba*, 222 F.3d at 585 (citation omitted).

This Court erroneously found, in its order granting summary judgment to Defendants, that a 180-day statute of limitation applied to Madsen's claims. Although Madsen failed to adequately brief the Court on this issue during summary judgment, the Court will apply the 300-day statute of limitations to Madsen's claims because of the workshare agreement that is now before the Court. *See id.* Because Madsen filed a charge of discrimination with the EEOC and IHRC on January 22, 2007, the Court will reconsider its grant of summary judgment as to the alleged unlawful unemployment practices that occurred on or

after March 28, 2006, which is three hundred days prior to January 22, 2007. *See id.*

      B.    <u>Continuing Harm Doctrine is Inapplicable</u>

As the Court stated in its prior summary judgment order, Madsen's contention that the continuing harm doctrine applies generally to her claims is incorrect. In *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 105 (2002), the Supreme Court held that a plaintiff's Title VII claim is barred to the extent that "discrete acts of discrimination or retaliation . . . occur outside the statutory time period." The Supreme Court did, however, carve out an exception for hostile work environment claims "so long as an act contributing to that hostile environment takes place within the statutory time period." *Id.*

Previously, this Court found that Madsen had not shown an act contributing to her hostile work environment claim within the 180-day statute of limitation period. *See* Summ. J. Order, at 10-11 (Docket. No. 56). In light of the Court's finding that the 300-day statue of limitation applies, the Court will reconsider whether Madsen alleged an act contributing to her hostile work environment claim within the longer 300-day period and, consequently, whether the Court may apply the continuing harm doctrine to her hostile work environment claim. *See Morgan*, 536 U.S. at 105. To the extent, however, that Madsen contends that the continuing

harm doctrine is generally applicable to her claims, the Court will not reconsider its prior summary judgment order.

The Court therefore grants Madsen's motion to the extent that the Court will reconsider acts that occurred during the longer 300-day period. The Court otherwise denies Madsen's motion regarding the continuing harm doctrine and will not reconsider its earlier finding that the continuing harm doctrine is generally inapplicable to Madsen's claims.

**ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 60) is GRANTED in part, and DENIED in part. The Court will issue a separate order addressing the parties' summary judgment motions in due course.

DATED: **July 22, 2010**

Honorable Edward J. Lodge
U. S. District Judge